## M. M. NEAR v. I. B. GREEN, Appellant.

**Estoppel:** DECLARATIONS AS TO TITLE MADE TO ONE NOT KNOWN TO HAVE INTEREST. Property purchased by B. at an execution sale was subsequently bought by plaintiff of the owner, and thereafter B., without knowledge of plaintiff's interest, stated to plaintiff's agent that there was nothing due on B.'s claim. *Held,* that the statement did not estop B.'s grantee from asserting title to the property.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

SATURDAY, APRIL 13, 1901.

ACTION in equity to set aside a sheriff's sale of real estate, and permit plaintiff to redeem from the judgment under which the sale was made, if anything shall be found due thereon. There was a decree for plaintiff, and the defendant appeals.—*Reversed.*

*Jordan & Goodykoontz* and *Walter Canaday* for appellant.

*Dyer & Stevens* for appellee.

WATERMAN, J.—The court was warranted in finding the following facts: One Crabtree was the owner of two lots in the town of Madrid. W. E. Briggs had a judgment against Crabtree which was a lien on the said real estate. An execution was issued on this judgment, and on January 15, 1898, the property was sold to Briggs for the sum of $55.91. In February, 1898, plaintiff, through her husband, J. W. Near, who acted as her agent, purchased the lots of Crabtree. After making the purchase J. W. Near went to Briggs to ascertain the amount due him on his claim, and was told by Briggs that it was fully paid. Thereafter Briggs assigned the certificate of sale to defendant, who in due time took a deed thereon. It may well be questioned whether the statement of Briggs which plaintiff relies on as an estoppel is admissible against defendant, since it does not inhere in the certificate of sale. But we prefer to rest our conclusion on another ground. It will be observed that plaintiff had already purchased the property when this conversation took place, so what was said did not affect the matter of her acquisition of title. But may she have been lulled into a feeling of security, and so induced to take no steps to redeem? There is no evidence tending to show that Briggs at the time knew that plaintiff had any interest in the property, or that she intended or was likely to act upon what he said. Not even by inference was the purpose of the inquiry made known to him. Plaintiff's husband was a lawyer, and the condition of affairs was fully disclosed

by the court records. If Briggs had indulged in any speculation on the subject, he would have been justified in concluding that his statement would not be relied upon. It is but fair to Briggs to say that he denies the remark testified to by plaintiff, and says the conversation was upon another subject. We have held that a mere random statement, made without any fraudulent intent, to one who, so far as the speaker has any reason to know, is without present or prospective interest will not estop the latter from afterwards asserting against the person to whom the statement is made any rights he may have had, even though such rights are inconsistent with his statement. *Kirchman v. Coal Co.*, 112 Iowa, 668. The case is so similar in its facts to the one at bar as to make it controlling. Upon this ground the judgment must be REVERSED.