W. W. NUNLEY ET AL. V. E. A. BLANTON ET AL.

No. 2040.    Decided April 13, 1910.

Judgment—Sale for Taxes—Parties—Unknown Owners.

One who holds land under a recorded chain of title can not be treated as an "unknown owner" in tax proceedings. He is not party to nor bound by the judgment in a suit against unknown owners for sale of the land for taxes so assessed, and a sale under a judgment so obtained did not pass his interest. (Scales v. Wren, ante, p. 304, followed).

Error to the Court of Civil Appeals for the Second District, in an appeal from Hartley County.

Blanton and others brought suit against Nunley and others for the recovery of land and defendants had judgment. Plaintiffs appealed and on judgment being reversed and rendered for appellants, appellees obtained writ of error.

*Webb & Joiner* and *Turner & Boyce,* for plaintiffs in error.—The entire survey of 1476 acres being delinquent, and taxes having been assessed against the same as a whole to unknown owners, and the county attorney having made affidavit that the owners were unknown, suit was properly brought to foreclose such tax on the entire survey; and in a collateral attack on judgment rendered in such a case the record can not be contradicted by showing that the affidavit made by the attorney was false. If suit was properly brought to foreclose lien on the entire survey it follows that it was proper to sell the survey as an entirety. Crawford v. McDonald, 33 S. W., 327; Kitchen v. Crawford, 13 Texas, 516; Kenson v. Gage, 34 Texas Civ. App., 547; Babcock v. Wolffarth, 35 Texas Civ. App., 512; Stoneman v. Bilby, 43 Texas Civ. App., 293; Earnest v. Glaser, 32 Texas Civ. App., 378; Dunn v. Taylor, 42 Texas Civ. App., 240; Williams v. Young, 41 Texas Civ. App., 212; Young v. Jackson, 50 Texas Civ. App., 351; M'Carter v. Neil, 6 S. W., 732; Eitel v. Foote, 39 Cal., 439; Gribble v. Livermore, 67 N. W., 213; McGregor v. Morrow, 21 Pac., 157; Black on Judgments, secs. 246, 247, 279, 795, 287; Stewart v. Anderson, 70 Texas, 588; Bean v. Brownwood, 43 S. W., 1036.

*Green & Blanton, Stepp & Bailey,* and *Pardue & Harrington,* for defendants in error.—A judgment by default, in a suit to foreclose the tax lien for a gross sum of taxes, rendered against the "unknown owners" of a 1476-acre survey (based on service by publication), is absolutely void where said 1476-acre survey was divided into five different tracts of land, which were owned in severalty by six different persons, neither of whom were parties to said tax suit or had notice of it, but had their titles to said five different tracts properly recorded and indexed in the county where said land is located, disclosing the names and residence of the various owners and giving a complete description by metes and bounds of each of said five tracts of land at the time said tax suit was filed, and the owners had been paying taxes on said lands for six years prior to the filing of said tax suit,

because the officers, by ordinary diligence, could have ascertained the names and addresses of each of the owners of said land and made them defendants in said tax suit, and sued them for the taxes due on each separate tract of said land. Sayles' Texas Civ. Statutes, arts. 5112, 5172, 5173, 5232g, 5232f, 5232o, 5254; Bingham v. Matthews, 39 Texas Civ. App., 41; Borden v. City of Houston, 26 Texas Civ. App., 29; Fant v. Brannin, 2 Posey U. C., 323; Bradley v. Jansen, 93 S. W., 506; State v. Mantooth, 20 Texas Civ. App., 396.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by defendants in error against plaintiffs in error to try title to a tract of land in Hartley County. The defense was upon the ground that land had been assessed for taxes against unknown owners and suit had been brought thereon against the unknown owners and judgment had been rendered for the taxes with an order of sale of the land for the payment; and that it had been sold under execution and that defendant Oaks had become the purchaser and had sold to his codefendant Nunley. The land was patented to the heirs of Jackson Davis and the patent was recorded in Hartley County. Eliza McCullough inherited one-fifth of the survey and conveyed the same to E. A. Blanton. The deed was recorded also in Hartley County. Perry Davis inherited a one-fifth undivided interest in the survey which upon his death passed to Laura White and W. P. Davis, who conveyed 75 acres thereof to Blanton. This deed was also recorded in Hartley County. At a former day of this term, we held that an owner who holds land under a recorded chain of title can not be properly called "an unknown owner" and that hence he could not be considered a party to the suit and was not bound by the judgment. (Scales v. Wren, ante, p. 304.) There was in this case a decree of partition rendered in the Cooke County District Court between the heirs of Jackson Davis and others, holding the interest of such heirs, which decree of partition was duly recorded in the office of the clerk of the County Court of Hartley County. An inspection of this record would have revealed the fact that E. A. Blanton, Laura White and W. P. Davis were the owners of the land in controversy and hence that they were not unknown owners and hence were not parties to the suit of the State of Texas against the unknown owners of the land.

There are other assignments of error in the application which we have considered without finding any error.

Therefore the judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*