SANCHEZ v. HILLYER–DEUTSCH–JAR-
RATT CO.

No. 8406.

Court of Civil Appeals of Texas. San Antonio.
March 26, 1930.

Rehearing Denied April 30, 1930.

J. H. Ragsdale, C. L. McGill, and G. O. Brown, all of San Antonio, for appellant.

Hal Browne and David Weintraub, both of San Antonio, for appellee.

SMITH, J.

The suit is to settle the status of the title to lots 4 and 12, in new city blocks 333 and 2357, respectively, in the city of San Antonio. The lots were owned by Tom Hernandez, subject to mechanics' and builders' liens to secure Hernandez's debts owing to Hillyer-Deutsch-Jarratt Company.

In December, 1922, the lots were sold under execution to satisfy a judgment in favor of the state for taxes due on the property. Hillyer-Deutsch-Jarratt Company, holder of said mechanics' lien, was not impleaded as a party to the tax suit, nor expressly sought to be concluded therein. The suit and the judgment of foreclosure were against Hernandez only, and the sheriff's conveyance was of "all the estate, right, title and interest which the said Tom Hernandez, defendant, had (in said lots) on the 1st day of January, 1920, or at any time afterwards." The lots were bought in at the tax sale by F. H. Kingsbury, who afterwards sold them to Ed Naegelin, who in turn conveyed them to Santos Leal.

Subsequent to the tax sale to Kingsbury Hernandez sold lot 4 to Santos Leal, who, as part of the consideration, assumed to pay the debt and mechanics' lien held by Hillyer-Deutsch-Jarratt Company. Leal paid some of the installments upon this debt against lot 4, but discontinued them when Hernandez demanded that such payments be applied towards extinguishing the debt and lien against lot 12, still owned by Hernandez. This controversy and consequent default in payments precipitated this suit by Hillyer-Deutsch-Jarratt Company against both Hernandez and Leal to recover the balances due upon said debts, and against said defendants and Ed Naegelin to foreclose the builders' lien against all three of them. Upon a trial there was a decree that all payments made by Leal be applied towards extinguishing the debt and lien against lot 4; against the estate of Leal, then deceased, and Hernandez, for the balance due upon lot 4; against Hernandez for the debt secured by lot 12, with foreclosure against Hernandez, Naegelin, and Leal's executrix as to both lots. In the meantime Naegelin, holder of the tax title to both lots, executed a quitclaim deed thereto to Leal. The judgment against Hernandez was by default. The executrix of Leal's estate has appealed.

Appellant executrix predicates her appeal upon the contentions that the tax foreclosure proceedings, judgment, and sale had the effect of cutting off the mechanics' lien held by appellee, and of vesting absolute title in the purchaser at the tax sale. It is conceded that appellee's lien was a valid lien existing at the time the tax suit was brought, and judgment was rendered therein. So is it conceded that appellee was not made a party to the tax suit, and was not expressly included or precluded in the pleadings, process, judgment, levy, or sale in said tax suit.

The statute provides that "the proper persons shall be made parties defendant in such [tax] suits, and shall be served with process and other proceedings had therein as provided by law for suits of like character in the district courts of the state." Article 7689, R. S. 1911. It is now well settled under the 1911 statutes, which control here, that,

in a suit in behalf of the state to recover for taxes due and to foreclose the tax lien upon real property, it was contemplated that all parties having any interest in the land, including record lienholders (Lippincott v. Taylor [Tex. Civ. App.] 135 S. W. 1070), should be impleaded as parties defendant. This is required for the purpose of concluding in one judgment all those who have such interest.

The failure to implead one or more of the interested parties does not deprive the court of the power to render valid judgment as to those actually impleaded, so far as that question is concerned, but in such event "those who are parties are bound while those who are not parties are not bound by the judgment rendered," and "while the state's lien is superior to all other rights, the purchaser at the tax sale takes only the interest of those who are actually or constructively made parties to the suit." Scales v. Wren, 103 Tex. 304, 127 S. W. 164; Nunley v. Blanton, 103 Tex. 316, 126 S. W. 1110; Mortgage Corp. v. Garden (Tex. Civ. App.) 11 S.W.(2d) 212, 213; Ball v. Carroll, 42 Tex. Civ. App. 323, 92 S. W. 1023; Adams v. Lbr. Co. (Tex. Civ. App.) 162 S. W. 974, 977; Green v. Robertson, 30 Tex. Civ. App. 236, 70 S. W. 345; Lippincott v. Taylor (Tex. Civ. App.) 135 S. W. 1070; Bradley v. Janssen (Tex. Civ. App.) 93 S. W. 506.

Applying the rules stated to the facts in this case, when Leal's vendor purchased at the tax sale he took only such title as was owned by the sole defendant in the proceeding, to wit: Tom Hernandez. The sheriff's deed to the purchaser at the tax sale purported on its face to convey no greater title or interest than Hernandez's (Blair v. Inv. Co., 54 Tex. Civ. App. 443, 118 S. W. 608), and that interest was no more than the right to pay off appellee's builders' lien notes and thereby obtain full title to the property in controversy. Lippincott v. Taylor, supra.

The provision in article 7690, R. S. 1911, that the sheriff's deed under a tax sale "shall be held in any court of law or equity in this state to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud," has been construed to mean a good and perfect title only as against the parties to the suit, and does not affect the title of persons not parties to the suit. Yenda v. Wheeler, 9 Tex. 408; Blair v. Inv. Co., supra.

It would seem to follow from the foregoing conclusions that, as appellee's lien was not retired or otherwise affected in the tax suit, there is nothing to prevent appellee from proceeding to assert, establish, and foreclose that lien against the property involved. By this process he does not collaterally or otherwise attack or question the validity of the tax suit, judgment, or sale, which had the effect only of substituting the purchaser at such sale in place of Hernandez, the legal owner of the property, subject to the debt and lien in favor of appellee. And under this theory the trial court properly adjudged appellant to be the owner of the superior title to said property, subject to appellee's lien, and at the same time adjusted the equities of the case between appellant and Hernandez, who has not appealed.

The judgment is affirmed.