## WHITEHEAD v. GRANBURY INDEPENDENT SCHOOL DIST.

### No. 12565.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 14, 1931.

Rehearing Denied Jan. 9, 1932.

trict brought suit for taxes alleged to be due the school district on certain tracts of land therein described. The petition alleged that the tracts of land described in the petition had since March 1, 1923, been lawfully within the territorial limits of the school district, and subject to taxes thereon, by it, and that said taxes were duly and legally levied and assessed for the year 1929 against said land. The amounts sued for, together with penalty and interest, were alleged to be $132.88.

The defendant answered by way of several pleas in abatement, alleging a nonjoinder of certain parties at interest, and other pleas, some of which will be hereinafter noted.

The case was tried by the court without the intervention of a jury, and the court rendered judgment for the taxes for which suit was brought against R. M. Whitehead, the defendant, for $120.88 taxes, and $12.08 interest and penalty, making a total of $132.88, and costs of suit. From this judgment, the defendant has appealed.

### Opinion.

The defendant filed its plea of abatement, alleging a nonjoinder of Wright D. Taylor, of Parker county, who was alleged to have and own a deed of trust lien on the land alleged to be owned by the defendant, excepting 120 acres, upon which the heirs of Z. C. Morrison were alleged to own an interest. The defendant prayed that, these parties not having been made parties to the suit, he be dismissed, with his costs.

During the trial, the defendant offered in evidence a deed of trust from himself to W. D. Taylor, recorded in the deed records of Hood county, securing an indebtedness of $4,000, and he testified that two liens described in this deed of trust are still outstanding liens against his property, except that portion of the indebtedness which had been paid; that there were some vendor's lien notes which are all the liens on the property. The court in its judgment provided that the Granbury Independent school district do have and recover from the defendant, R. M. Whitehead, the amount of the judgment, and fixed a tax judgment lien on certain described tracts of land, owned by the defendant. The judgment further provided that, it appearing to the court that R. M. Whitehead had executed a trust deed lien against a portion of the property described in the petition, the tax lien adjudged in the judgment be subject to the said trust deed lien, and that any sale made for said taxes should be subject to the lien retained in said trust deed, for the payment of the outstanding indebtedness recited in said trust deed.

In the case of Sanchez v. Hillyer-Deutsch-Jarratt Co. (Tex. Civ. App.) 27 S.W.(2d) 634, writ of error denied, it appeared that some of the parties who held liens against the

Estes & Estes, of Granbury, for appellant.

Oxford & McMillan, of Stephenville, for appellee.

BUCK, J.

In plaintiff's first amended original petition, the Granbury independent school dis-

property were not made parties to the tax suit. The Court of Civil Appeals of San Antonio held that lienholders were proper parties, but, further, that the failure to implead one or more of the interested parties did not deprive the trial court of power to render a valid judgment as to those actually impleaded. The opinion cites a number of cases supporting this holding, including Scales v. Wren, 103 Tex. 304, 127 S. W. 164; Nunley v. Blanton, 103 Tex. 316, 126 S. W. 1110. Therefore we conclude that assignments 1 and 2 should be overruled.

We do not think there was any error in the trial court's overruling appellant's special exception to plaintiff's petition that the petition did not allege or show that any motion or order was made providing for the levy of the taxes in question, where the petition alleged, among other things, "that said taxes were duly and legally levied and assessed for the year 1929, against said land as provided by law," and further: "The School Board of said Granbury Independent School District and other officers and persons charged with the collection of said taxes, have done all things necessary to be done by law in levying, assessing, rendering and reporting the delinquency of the taxes, interest, penalty and cost due by and from said defendant as hereinabove set out."

Appellant further pleaded that the plaintiff's petition did not disclose any facts showing that the trial court had jurisdiction of the alleged cause of action because the same did not show any motion or order for the levying of any taxes, or that any order was ever passed levying any taxes. In so far as the taxes for 1929 are concerned, which was the only taxes sued for, and for which judgment was entered, we think that the petition sufficiently sets out the fact that taxes for that year were levied by the proper officers of the school district. We conclude that it is evident from the petition that the taxes sued for were taxes for the support of the school. The plaintiff in its petition stated: "Plaintiff further alleges that whereas all of the above described tracts of land [some 9 tracts] comprising the above described property, are described, and assessed and recorded in the delinquent tax rolls of the Independent School District, according to the acreage in each survey." We think that allegation is sufficient to show that said tracts of land were assessed and taxed separately from each other.

Article 3, § 57, of the Constitution of the state of Texas reads as follows: "No local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the legislature of such bill and in the manner to be provided by law. The evidence of such notice having been published shall be exhibited in the legislature before such act shall be passed."

Where the public at large have an interest in the matter, and the legislation merely applies to a locality, but affects all who live in said locality, or whose interests may be drawn to same, the law is a general law and not a special one. Reed v. Rogan, 94 Tex. 177, 59 S. W. 255; Smith v. State, 54 Tex. Cr. R. 310, 113 S. W. 289, 294; Sanchez v. Hillyer-Deutsch-Jarratt Co. (Tex. Civ. App.) 27 S.W.(2d) 634, writ of error denied; Hoya v. Woden Independent School District, 292 S. W. 942, by the Beaumont Court of Civil Appeals, and authorities therein cited. Therefore we conclude that thirty days' notice was not required in an act creating an independent school district.

We do not think that the trial court erred in holding valid the act of the 38th Legislature (Sp. Laws, c. 42), and in holding against appellant's contention that the landowners in annexed territory could not be included and taken into the Granbury independent school district without a petition on their part, inasmuch as said contention constituted a collateral attack on the act of the Legislature creating the Granbury independent school district. In the case of Tilton v. Dayton Independent School District, 2 S.W. (2d) 889, 891, by the Beaumont Court of Civil Appeals, it is said: "It is well settled that the Legislature has the power to create independent school districts, and that it may do so by re-creating or enlarging already existing districts, by including within the created or new district territory forming portions or all of common school districts. Const. Art. 7, § 3; McPhail v. Tax Collector (Tex. Civ. App.) 280 S. W. 260 (writ refused); * * * Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501 (writ refused); Hill v. Smithville Independent School District (Tex. Com. App.) 251 S. W. 209."

The assignment is overruled.

During the trial, while Floyd Jones, witness for the appellee, was testifying on direct examination, he was asked the question whether or not the tax rolls were approved by the board of trustees, to which he replied that he made out a copy and sent it to them. As shown by defendant's bill of exception No. 3, objection was made to such testimony, for the reason that the rolls were not approved by the board, as required by law, and therefore all requirements of the law had not been met necessary to fix and create a lien on the lands of the appellant. The trial court signed this bill, with the qualification that the witness Jones testified that he was assessor and collector of the Gran-

bury independent school district, and as such had placed Mr. Whitehead's property on the delinquent tax roll, listed it as delinquent, and, after the taxes had become due, he had by letter notified Mr. Whitehead of said delinquency, and requested payment thereof before this suit was filed. And that the sheet from the delinquent tax rolls contained a list of Mr. Whitehead's property, also exhibited in evidence and properly described in the statement of facts. Revised Civil Statutes, art. 7329, provides:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess."

Article 7343 provides for similar proceedings for cities and independent school districts to those proceedings in chapter 10, title 122 (art. 7319 et seq.), Revised Statutes 1925, for the collection of taxes.

We overrule assignments 9 and 11, inasmuch as the witness Jones testified that the assessment slip offered in evidence was made by him as assessor and collector of the Granbury independent school district.

We further conclude that there was no error in the trial court's holding valid the election called and held by the board of trustees to determine whether or not the new district as created would assume the bonded indebtedness of the old, for the reason that, if there were any irregularities in said election, the same could only be taken advantage of by direct suit to set aside said election, and that this objection was in the way of a collateral attack on said election.

All assignments are overruled, and the judgment is affirmed.