## TABASCO CONSOLIDATED INDEPENDENT SCHOOL DIST. v. REYNA'S ESTATE et al.

### No. 9850.

Court of Civil Appeals of Texas.
San Antonio.
April 22, 1936.

B. H. Oxford, of Mission, for appellant.

Brown & Bader, of Edinburg, for appellees.

BOBBITT, Justice.

The appellant, Tabasco Consolidated Independent School District, filed this suit on the 31st day of December, 1934, in the ninety-third district court of Hidalgo county, Tex., against the estate of Victoriano Reyna, San Juana Longoria Reyna, E. B. Reyna, Miss E. E. Reyna, Mrs. H. R. Stroud, Ramon Reyna, N. L. Reyna, Mauro Reyna, Urbano Reyna, and the Mission Wholesale Grocery Company to recover taxes due and owing the said school district on land situated in said district in Hidalgo county. The defendant Mission Wholesale Grocery Company, having not been properly summoned and being merely a creditor with no interest whatever in the land, plaintiff dismissed as to it, and the other defendants above mentioned filed, on the 7th day of January, 1935, their plea in abatement and plea of nonjoinder of parties defendant, alleging that the other above defendants owned 15/16 of the land sued on for taxes, but that the minor heirs of one Auturo C. Reyna, deceased, to wit: Auturo C. Reyna, Jr.; Maria Margot Reyna; Arnoldo Reyna; and Melba Reyna; owned the other 1/16 undivided interest in the land, and ask that the suit be abated and dismissed, on the ground that all parties interested in the land were not made parties to the suit.

The cause was passed for one term of the court without prejudice to the plea in abatement; and during the interim, process was procured and issued, citing said last-named defendants, who are minors, and who reside in Starr county, Tex.; but no amended pleading was filed making them parties to the suit; said process, therefore, as issued was of no effect.

At the next term of said court, on the 22d day of May, 1935, the first-named defendants, who had been properly served with process, renewed their plea in abatement, and asked the court to dismiss the entire suit because the aforesaid heirs of Auturo Reyna, deceased, owning the 1/16 undivided interest in said land were not properly served with process, and were not parties to the suit.

In this situation the trial court held the plea in abatement good, and the plaintiff refusing to amend, dismissed the suit; whereupon appellant duly perfected this appeal. There is no statement of facts before us, and this appeal rests solely upon the pleadings and the process as shown by the transcript.

Appellees have filed no brief in this court. Their only defense or appearance herein is in the form of a motion to strike the transcript and dismiss the appeal, and on the sole ground or contention that the appeal bond as filed by appellants does not comply with the law "in that it does not run to the benefit of the four named minor heirs of Auturo Reyna, deceased, who are necessary parties to the suit and whom appellant has attempted to make parties defendant by the issuance and service of citation upon them." In support of their motion to strike, appellees take the position that said minors, having an interest in the land, are necessary parties to the suit by appellant to collect taxes due by appellees who are parties defendant and who have been duly served; that appellant having refused to amend its petition in the trial court and make said minors parties defendant, the trial court properly sustained appellees' pleas in abatement and nonjoinder, and dismissed the entire proceedings; and particularly in this appeal, appellant having failed to have the appeal bond run to the benefit of the said minors, who are not even parties to the suit.

■ We find it our duty to confirm our action on this motion, heretofore taken in regular order on motion day, and overrule appellees' motion to strike the transcript and dismiss the appeal. The said minors, not being parties to the suit, could not, of course, be concluded or affected by any judgment that might be entered in the cause. State Mortg. Corporation v. Garden (Tex.Civ.App.) 11 S.W.(2d) 212; San-

chez v. Hillyér-Deutsch-Jarratt Co. (Tex. Civ.App.) 27 S.W.(2d) 634.

Granting that such named minors should have been made parties defendant and legally served with citation, the fact is they were not; and not being parties to the suit in the court below, it was not necessary in so far as the sufficiency of the bond is concerned on this appeal, that the bond run to their benefit. Even if the bond had been determined by us to be defective or insufficient, appellant had and would have the right to amend or correct the bond on such terms as the court might prescribe. Article 1840, Revised Statutes of Texas, and article 1840—A, Vernon's Ann.Civ.St.

It is true that article 7328, R.S. of Texas, 1925, as amended by Acts 1927, 1st Called Sess., c. 99, § 1 (Vernon's Ann.Civ.St. art. 7328), provides and contemplates that all proper persons, including lienholders, shall be joined in suits for the collection of taxes against property in this state. It is likewise true that the failure on the part of the tax collecting authority to join all parties interested in the property in the suit shall be no defense or constitute any reason to delay judgment or action against those owners who may be properly before the court.

In the case at bar it seems to be undisputed that the appellees herein were properly sued for taxes they owed the appellant school district; that they owned 15/16 interest in the land against which the taxes involved herein were assessed; that the remaining 1/16 interest in such property was owned by the named heirs of Auturo Reyna, deceased, none of whom had been properly made parties defendant in the suit, though there seemed to be no record evidence of their said ownership. In this situation the appellant urged the trial court to hear the case as to the parties before it, appellees here, and as to their liability for the taxes due appellant on the property or their undisputed interest in the property owned by them; but the court declined to try the case and sustained appellees' plea of nonjoinder of parties defendant, and dismissed the cause at appellant's cost. It is our opinion that such action of the trial court was erroneous.

It is well established that a suit for the collection of taxes assessed against property in this state may be filed and prosecuted to judgment against all or only a part of the joint owners of such property. In suits for the collection of delinquent taxes against land in this state, the proceeding is primarily an action in rem against the property; and we can think of no good reason to permit one or more joint owners of such property to unduly delay or hinder the tax collecting authorities in the discharge of their public duties in the collection of taxes assessed for public purposes. Furthermore, the delinquent owners who are properly before the court have no right or reason to ask further delay, to say nothing of a dismissal of the suit, especially in a case, as here, where their interest in the property is determined. As between appellees and the school district, it was their duty and obligation to pay the taxes lawfully charged against their interest in the land, and their failure or refusal to discharge that obligation renders their interest therein subject to foreclosure and sale. The fact or allegation that some other person or persons own an interest in the same land forms no reason or excuse for such delinquency, and certainly does not authorize the courts to refuse or unduly delay the trial of cases properly filed for such necessary public purposes. In such cases the persons properly before the court have the opportunity to be heard, and to present any defense they may have, including a motion for continuance, in order that other owners may be made parties defendant. Only their interest in the land is affected; they have every right under the law to protect their interest or any payment which they may see fit to make in the settlement of the tax suit. Those owners who are not parties defendant are not concluded, and their rights are not injured by the judgment entered.

While the said minor heirs are proper parties, they are not necessary parties, to this suit, and the trial court should have proceeded with the trial on the date it was dismissed, or should have granted further time and required that all owners be brought into the case. Sanchez v. Hillyer-Deutsch-Jarratt Co. (Tex.Civ.App.) 27 S.W.(2d) 634 (writ refused); Elmendorf v. City of San Antonio (Tex.Civ.App.) 223 S.W. 631; Id. (Tex.Com.App.) 242 S.W. 185; Scales v. Wren, 103 Tex. 304, 127 S.W. 164; State Mortg. Corporation v. Garden (Tex.Civ. App.) 11 S.W.(2d) 212; Adams v. West Lumber Co. (Tex.Civ.App.) 162 S.W. 974 (writ refused); Whitehead v. Granbury School (Tex.Civ.App.) 45 S.W.(2d) 421.

For the reasons stated, appellees' motion to strike is overruled, and the cause will be reversed and remanded.