## CARLTON CHAPPELL V. STATE.

No. 24278. Delivered March 2, 1949.
Rehearing Denied (Without Written Opinion) April 20, 1949.

*Chrestman, Brundidge, Fountain, Elliott & Bateman, Dewey A. Hunt,* and *Walter L. Wray,* Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By Chap. 271, Acts Regular Session of the 50th Legislature, in 1947, and appearing as Art. 1970-333, Vernon's Annotated Civil Statutes, the civil and criminal jurisdiction of the county court of Hill County was conferred upon the district court of Hill County.

Upon a complaint and information filed in the said district court charging appellant with the misdemeanor offense of driving an automobile while intoxicated, he was convicted and his punishment fixed at a fine of $200.

It is insisted that the district court was without jurisdiction because the act mentioned is unconstitutional and void in that

it is a local law and no notice of the intention to pass same was published, as required by Art. 3, Sec. 57 of the Constitution of this state.

If the act is valid, the district court had jurisdiction; otherwise, not.

By Art. 5, Sec. 22, of the Constitution of this state, the legislature is empowered to do the thing attempted in the act: that is, to confer the civil and criminal jurisdiction of county courts upon the district courts.

Published notice of intent to pass legislation is required only for local or special laws. If the act is a general law it is not within the constitutional limitation mentioned.

The question as to whether an act of the legislature is a general or a local law has been often before our courts. The distinction appears to have been pertinently set out in Whitehead v. Granbury Independent School Dist., 45 S. W. (2d) 421, where it is said:

"Where the public at large has an interest in the matter, and the legislation merely applies to a locality, but affects all who live in said locality, or whose interests may be drawn to same, the law is a general law and not a special one."

Under this definition, an act of the legislature creating an independent school district was held to be a general law. The definition finds support in the following cases: Cox, et al, v. State, 8 Tex. App. 254-288; Smith v. State, 54 Tex. Cr. R. 298, 113 S. W. 289-294; Reed v. Rogan, 94 Tex. 177, 59 S. W. 255; Clark v. Finley, 93 Tex. 171, 54 S. W. 343; Stephensen, et al, v. Wood, et al, 34 S. W. 246; Lower Colorado River Authority v. McCraw, 83 S. W. (2d) 629.

In the instant act, the subject of the legislation was that of the jurisdiction of the county and district court of Hill County, which applied not only to Hill County, and those who lived therein, but to all, regardless of residence, whose interests might be drawn to the same.

The conclusion is expressed that the act here under consideration was a general law, and, therefore, that no necessity existed for notice of intent to pass same.

It is insisted that the act, in transferring the jurisdiction of the county court in civil and criminal matters to the district court of Hill County, is void by reason of indefiniteness, in that there is no such court known to the law, but that Hill County is situated in the 66th Judicial District and is, therefore, the 66th Judicial District of Hill County. In other words, it is appellant's contention that the act should have transferred the jurisdiction to the 66th Judicial District Court of Hill County rather than to the district court of Hill County, a court not known to the law.

By act of the legislature in 1905, Hill County was constituted the Sixty-sixth Judicial District. As such, it has continuously remained. Art. 199-66, Vernon's R. C. S. Hill County is not within any other judicial district. The sole and only district court in that county is that of the Sixty-sixth Judicial District. In truth and in fact, it is the district court of Hill County. The legislative intent to transfer the county court jurisdiction to the Sixty-sixth Judicial District is clear.

Believing the act valid—its validity being the sole question before us, the judgment is affirmed.

Opinion approved by the Court.