## ROGERS v. GRAVES.
### No. 2854.

Court of Civil Appeals of Texas.
Tenth District, Waco.

May 26, 1949.

Rehearing Denied June 16, 1949.

J. S. Simkins, Corsicana, for appellant.

J. C. Jacobs and Roe, Ralston & McWilliams, Corsicana, for appellee.

HALE, Justice.

This is an appeal from an order and decree of the District Court of Navarro County refusing to set aside a prior judgment rendered in that court against appellant. The amount in controversy in the former suit was $408.23. The jurisdiction of the court over the subject matter involved in the prior proceeding was and is dependent upon the validity of Art. 1970—326 of Vernon's Tex.Civ.Stats. as enacted by the Legislature of Texas in 1941. If the passage of that Act was in violation of the provisions contained in Art. III, Sec.

56 or 57 of the Constitution of Texas, Vernon's Ann.St., the order appealed from should be reversed; otherwise, it should be affirmed.

Art. 1970—326 of Vernon's Tex.Civ. Stats., Acts 1941, 47th Leg., p. 553, ch. 350, provides in substance that the original civil jurisdiction theretofore vesting in the County Court of Navarro County be transferred to and become vested in the District Court of that county. The Act was passed without any notice thereof having been published or exhibited in the Legislature. Art. III of the Constitution provides in Sec. 56 that the Legislature shall not, except as otherwise provided in the Constitution, pass any local or special law, authorizing certain things to be done; and in Sec. 57 thereof it further provides that no local or special law shall be passed unless notice of intention to apply therefor shall have been given and evidence of such notice exhibited in the Legislature in the manner therein set forth.

Appellant says the Act under consideration is a local or special law; that since it was passed by the Legislature without the publication of notice and hence in violation of Art. III, Secs. 56 and 57 of the Constitution, such purported Act was and is null and void; that since such Act is void the District Court of Navarro County acquired no jurisdiction over the subject matter of the former suit; and since the District Court had no jurisdiction in the prior proceeding its judgment therein was coram non judice and should have been set aside.

We cannot agree with appellant's contention that the statute of which he complains is a local or special law within the purview and meaning of Art. III, Secs. 56 and 57 of the Constitution. Clark v. Finley, 93 Tex. 171, 173, 54 S.W. 343; Reed v. Rogan, 94 Tex. 177, 59 S.W. 255; Stephensen v. Wood, 119 Tex. 564, 34 S.W.2d 246; Whitehead v. Granbury Independent School Dist., Tex.Civ.App., 45 S.W.2d 421, pt. 5; Allison v. State, 127 Tex.Cr.R. 322, 76 S.W.2d 527, pt. 1; Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629, pts. 5 and 6; King v. Sheppard, Tex.Civ.App., 157 S.W. 2d 682, pt. 7, er. ref. As said by the Supreme Court in the case of Reed v. Rogan, supra [94 Tex. 177, 59 S.W. 255]: "A law is not local that operates upon a subject in which the people at large are interested."

Both the District and County Court of Navarro County are integral parts of the Judicial Department of the State of Texas as a whole. Although the judicial power of each to adjudicate any controversy as a court of nisi prius is restricted to the territorial limits of that county, we think the availability and proper functioning of an integrated judiciary in all of its parts throughout the confines of the entire state is a subject in which the people at large are directly and vitally interested. Therefore, we hold that the provisions contained in Art. III, Secs. 56 and 57 of the Constitution of Texas are inapplicable to the Act here under consideration and that the passage of such Act, under the circumstances shown, constituted a valid exercise of the law making power expressly vested in the Legislature by the terms of Art. V. Secs. 1 and 22 of the Constitution. Muench v. Oppenheimer, 86 Tex. 568, 26 S.W. 496; Harris County v. Crooker et al., 112 Tex. 450, 248 S.W. 652; Jones v. Anderson, Tex.Civ.App., 189 S.W.2d 65, er ref.; Tom Green County v. Proffitt et al., Tex.Civ.App., 195 S.W.2d 845; Chappell v. State, Tex.Cr.App., 219 S.W.2d 88.

Accordingly, the decree appealed from is affirmed.