W. W. Stone v. The State.

No. 2929.   Decided April 12, 1905.

**1.—Illegal Practice of Medicine—Constitutional Law.**

The Act of the 27th Legislature, p. 12, with reference to the practice of medicine, and which among other things provides that although a person may have a diploma from a bona fide medical college of respectable standing, he must nevertheless receive a certificate to practice from one of the duly constituted boards of medical examiners of this State, which shall be recorded before he would be authorized to practice, is constitutional.

**2.—Same—Medical Board of Examiners—Certificate.**

While it would not have been necessary, for one who desired to practice medicine to undergo an examination before the medical board, if he had filed his diploma with satisfactory evidence that the same was issued by a bona fide college of respectable standing and thereupon received a certificate from said board and recorded the same as required by the statute, yet the refusal of said board to examine him or issue him a certificate is no defense to a prosecution under said law.

Appeal from the County of Jackson.   Tried below before Hon. F. M. Austin.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $50.

No statement necessary.

*Guy Mitchell* and *Robt. B. Seay,* for appellant.—Hart v. State, 21 Texas Crim. App., 318; Andenhoven v. State, 42 Texas Crim. Rep., 6.

*Howard Martin,* Assistant Attorney-General, for the State.—Dowdell v. McBride, 92 Texas, 239; Logan v. State, 5 Texas Crim. App., 306.

BROOKS, Judge.—Appellant was fined $50, under an indictment charging a violation of the provisions of the Acts of the 27th Legislature, page 12, with reference to the practice of medicine, and is substantially, as follows: "That W. W. Stone, on or about February 12, 1903, in the County of Jackson and State of Texas, did then and there profess, publicly to be a physician, offer for practice as such for those needing medicine and charge therefore money and other compensation, and that said W. W. Stone did then and there unlawfully and not being a practitioner of midwifery, licensed by the State Medical Board of the State of Texas, practice medicine for pay as such practitioner of medicine and as such practitioner did visit and prescribe medicine and drugs for Mrs. F. Lopez on said date, and in said county and State, without first obtaining and having recorded in the office of the district clerk of said county, a certificate from any legally authorized board of medical examiners of the State of Texas, entitling and licensing the said W. W. Stone to practice medicine in said State, and without having practiced medicine in the State of Texas, prior to January 1st,

A. D. 1885, and without having obtained and filed for record in the office of the district clerk of said county a certificate entitling the said W. W. Stone to practice medicine under the laws in force up to the date of the passing of the acts included in Title 82 of the Acts of the 27th Legislature, and without having had recorded since the first day of January, A. D. 1891, a doctor's diploma, and furnishing to either of the boards of medical examiners, as provided for in Title 82 of the Acts of the 27th Legislature aforesaid, satisfactory evidence that his diploma was issued by a bona fide medical college of respectable standing, and thereby obtaining a certificate and filing same for record in the office of the district clerk of said county, said W. W. Stone then and there not being a commissioned officer or contract surgeon of the United States Army, Navy or Marine· Hospital Service in the performance of his duty as such, nor a legally qualified and registered dentist under the laws of the State of Texas, nor a lawfully qualified physician or surgeon residing in another State or territory meeting a registered physician or physicians, surgeon or surgeons of this State in consultation, against the peace and dignity of the State."

Appellant filed the following motion in arrest of judgment:   *   *   * "Because the information herein charges no offense known to the laws of Texas, in this: 1.  The Act of the 27th Legislature, Chapter 12, Title 82, under which the information herein is presented is violative of and repugnant to article 16, section 31, of the Constitution of this State, in that, said act gives preference to the allopathic, homeopathic, and eclectic schools of medicine, to the exclusion of all other schools, however well recognized and respectable. 2.  The said act is unconstitutional in that it wrongfully vests judicial powers in the boards of medical examiners without constituting or attempting to constitute them courts of law or equity. 3.  The said act and particularly the second exception, in section 8 thereof is and has the effect of a retroactive law prohibited by article 1, section 16, of the Constitution. 4.  The said act is so vague, indefinite, uncertain and contradictory that it cannot be enforced in that it (the said act) authorizes the issuance of a certificate by either of the three boards established, and at the same time (section 8, exception 2) requires the action of the boards of medical examiners (all three) in granting such certificates. 5.  The said act by its terms establishes no legal rule or measure whereby the guilt or innocence of a defendant may be determined, but makes the guilt or innocence of a defendant depend entirely upon the opinions of physicians of different schools of medicine. 6.  The said entire act is unconstitutional and void for that it is class legislation and discriminates in favor of persons belonging to certain schools of medicine therein named, and against persons belonging to other and different schools."

The statement of facts shows that appellant "holds a diploma, from The Independent Medical College of Chicago, Illinois, chartered under the laws of the State of Illinois, which said institution is under the management of the Physio-Medical School of Medicine, which said

school has a national and state organization, with a college in Dallas, chartered under the laws of this State, and is a well recognized school of medicine. Said diploma from said college is regular in form and bears date of the 15th day of June, 1898, and was filed and registered according to law in the office of the district clerk of Wise County, Texas, on the 31st day of January, 1901. That defendant, prior to alleged commission of the offense charged, on the December 23, 1902, again filed his said diploma for record in Jackson County, Texas, in all things as required by law, and thereafter, before attempting to practice his profession in this county, presented said diploma to the 'State Boards of Medical Examiners,' appointed by the Governor of Texas, under the Act of the 27th Legislature, Chapter 12, Title 82, for the purpose of procuring and receiving a certificate,—the said diploma accompanied by proof that said Independent Medical College of Chicago, was a bona fide school, chartered under the laws of the State of Illinois, and that same was under the control and management of the Physio-Medical School of Medicine, and that said school had a national and state organization, with a college at Dallas, Texas, chartered under the laws of this State and was a well recognized school of medicine. Said board refused defendant a certificate to practice said profession of medicine. That defendant, prior to the commission of the offense charged, and before practicing or offering to practice his profession in Jackson County, Texas, appeared before the board of examiners for the ———— medical society, of Texas, one of the boards appointed by the Governor, under the Act of 27th Legislature, Chapter 12, Title 82, for the purpose of being examined in order to obtain a certificate and license to practice. That said defendant was refused a certificate and his application for a certificate was rejected by said board of examiners. On the 12th of February, 1903, after the refusal of said board of examiners to grant him a certificate as above set out, in Jackson County, prior to the filing of the information herein, he practiced his profession for pay, and professed to be a physician, and charged money for his services, without first having obtained and recorded in the office of the district clerk of said county, a certificate from a legally authorized board of medical examiners, and without having practiced medicine in Texas prior to January 1, 1885; and without having obtained and filed for record in the office of the district clerk of said county a certificate entitling said appellant to practice medicine under the laws in force up to the date of the passage of the act included in Title 82 of the Act of the 27th Legislature, and without having recorded since January 1, 1891 and until January 31, 1901, and December 23, 1902, as stated above, a doctor's diploma; and without furnishing to either of the State Boards of Medical Examiners, as provided for in Title 82, of the Acts of the 27th Legislature aforesaid, except as stated above, evidence satisfactory to said board that his diploma was issued by a bona fide medical college of respectable standing, and thereby obtaining a certificate and filing the same for record in the office of

the district clerk of said county." Then the statement of facts nega-
tives the other matters stated in the indictment. The statement of facts
further shows that the "Board of Medical Examiners of the State of
Texas," is composed entirely of physicians belonging to a school of
medicine, known as the allopathic or regular school of medicine, and
is composed of members recommended to the Governor of Texas for
appointment by the Texas State Medical Association, which association
is composed of and controlled by physicians belonging to said allopathic
school of medicine. That the "Board of Eclectic Medical Examiners
for the State of Texas" is composed of physicians belonging to the Ec-
lectic school of medicine, entirely, and the members thereof were recom-
mended to the governor for appointment by the Eclectic Medical So-
ciety of Texas. That the "Board of Homeopathic Medical Examiners
for the State of Texas," is composed entirely of physicians belonging to
the Homeopathic school of medicine. That there is no Physio-Medical
Board of Examiners in the State of Texas, and there can be none ap-
pointed under the law as established and now existing; and that said
school of medicine has no recognition before the Governor of the State
of Texas; and that no member of said Physio-Medical school of medicine
has been recommended to the governor or appointed by him as a member
of any of said boards of medical examiners. The above is practically
a copy of all the essential statements contained in the statement of facts.

The Act of the Legislature (27th Legislature, page 12) under which
appellant was prosecuted is an amendment of Title 82, Revised Civil
Statutes 1895. Judge Denman, delivering the opinion of the supreme
court in Dowell *v.* McBride, 92 Texas, 239, upheld the validity of the
old act,—the same constitutional objections being there urged as are
here presented. The following language is used there: "Soon after
the adoption of the Constitution in 1876, the Legislature, in enacting
the law of which said article (3778) is a part, so construed the constitu-
tional provision, and it is the duty of the courts to so far defer to
such construction as to hold the act constitutional unless it be clearly
not. To show that the Legislature so construed and did not intend
to violate said constitutional provision, it clearly, in the light of the
evidence in this case showing that only allopaths can become members
of said 'Board of Medical Examiners,' intended by said article 3778
to give preference by law to that school in the organization of such
boards, but did not give such preference in prescribing the 'qualifica-
tions of practitioners,' for it also provided in article 3784 that 'it shall
be the duty of said board to examine thoroughly all applicants for certi-
ficates of qualification to practice medicine in any of its branches or
departments, whether such applicants are furnished with medical
diplomas or not, upon the following named subjects to wit: Anatomy,
etc. Then follows a list of the subjects." The learned judge concludes,
that the mere favoritism accorded by the statute to the allopathic
school of medicine, would not render the act unconstitutional, in view
of the fact that all persons must be examined upon certain specified

subjects before they could obtain license.   See Ex parte Gerino, 77 Pac. Rep., 166.

Now, it appears from a reading of section 8 of the Act of the 27th Legislature, although one may have a diploma "issued by a bona fide medical college of respectable standing," still he must receive a certificate to practice medicine from one of the duly constituted boards of medical examiners of the State of Texas, which shall be recorded, before he would be authorized to practice.   We take it, however, that it would not be necessary for appellant to be examined by said board, if he had complied with the other provisions of the statute to wit: filed his diploma with satisfactory evidence that his diploma was issued by a bona fide medical college of respectable standing, and certificate issued by the board, and properly recorded, as required by the statute.   But in this instance appellant did not secure a certificate.   Whether he should be examined or not is immaterial, in the absence of the certificate.   It is true the statement of facts shows that the board refused to examine him or issue a certificate.   This is a matter that might be reached through the civil courts.   But the certificate is the sine qua non to his practicing medicine.   Having received no certificate, he cannot practice.   As to whether the board arbitrarily refused to examine him or not, is a matter with which we have nothing to do.   Suppose a law student thoroughly qualified to practice law, makes application to the board appointed by the Courts of Civil Appeal, and said board refuses applicant a license.   It may do this arbitrarily,—but which we do not apprehend they would.   But if they refuse the license, however much appellant might be wronged by such refusal, still, the license is the prerequisite to the practice of the law, and in the absence of such license, although applicant had been refused arbitrarily, this would not be a defense to a criminal prosecution.   It occurs to us appellant may be in the same attitude here.   If so, it is not a defense to a prosecution for practicing medicine, since he must have the certificate from a board of medical examiners before he can practice.   We would not be understood as holding that appellant has not complied with the requirements of the statute in order to secure his license, but we do hold that he has not secured the certificate to practice; and this must be done before he can practice medicine.

Accordingly we hold that the act in question under which appellant was prosecuted is constitutional, and does not violate article 16, section 31 of the Constitution, providing: "The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for malpractice, but no preference shall ever be given by law to any schools of medicine."   The indictment is sufficient, and the evidence supports the conviction.   We are not called upon to pass on the question as to whether appellant had a diploma "from a bona fide medical college of respectable standing," since the statement of facts show that he held such diploma.   But we do hold that the act is constitutional, and that if the boards of medical examiners have

arbitrarily refused to give appellant a certificate or license, still he must get such certificate from one of said boards, before he can practice. Failing in this he is subject to prosecution under the terms and conditions of the law.   The judgment is accordingly affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]