### W. Huggins v. The State.

No. 751.    Decided November 2, 1910.

**1.—Murder—Evidence—Bill of Exceptions.**

Where, upon trial of murder, the State's attorney improperly questioned the defendant as a witness upon cross-examination as to whether he was a married or a single man, etc., but the bill of exceptions as the defendant accepted it showed that the court sustained the defendant's objection to the questions, and there were no answers made thereto by the witness, there was no reversible error.

**2.—Same—Newly Discovered Evidence.**

Where defendant in his motion for new trial set out certain newly discovered evidence, a part of which he must have known at the time he went to trial and the rest of which he could have ascertained by reasonable diligence before the trial, there was no error in overruling the motion; besides it appeared that the absent testimony would not have benefited defendant.

Appeal from the District Court of San Patricio. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*H. R. Sutherland* and *Pope & Taylor,* for appellant.—On the question of newly discovered evidence: Lindley v. State, 11 Texas Crim. App., 283; Burns v. State, 12 Texas Crim. App., 269; West v. State, 2 Texas Crim. App., 209; Goins v. State, 41 Texas Crim. Rep., 334; Hasselmeyer v. State, 6 Texas Crim. App., 21; Mitchell v. State, 38 Texas Crim. Rep., 170; Barber v. State, 46 S. W. Rep., 233.

Upon question of permitting State's counsel to propound question to defendant on cross-examination as to whether he was married or single, etc.: Knight v. State, 55 Texas Crim. Rep., 243, 116

S. W. Rep., 61; Darnell v. State, 58 Texas Crim. Rep., 585, 126 S. W. Rep., 1122; Henard v. State, 46 Texas Crim. Rep., 90, 79 S. W. Rep., 810; McCandless v. State, 57 S. W. Rep., 672; Barth v. State, 46 S. W. Rep., 228; Hatcher v. State, 43 Texas Crim. Rep., 237, 65 S. W. Rep., 97; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 551.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted in the District Court of San Patricio County for the murder of one J. W. Holman, resulting in his conviction of murder in the second degree with a penalty of twenty years.

The case was submitted to the jury on murder in the first and second degree, manslaughter and self-defense. No complaint is made of the charge of the court. The only ground set up in the motion for new trial is the bill of exceptions taken to certain questions propounded by the district attorney to defendant when he was upon the witness stand, and second, on the ground of newly discovered evidence. The bill of exceptions complains that when the defendant was upon the stand testifying in his own behalf, the district attorney, on cross-examination, asked him: "Are you married or single? Still married? You married in Alabama? A wife and two children in South Carolina? You married in Texas? You lived with a woman who has children with you in the State of Texas? You married a woman in the State of Texas? Did not? Did you live with a woman who had a child by you at Eastland, Texas?" Defendant objected to these questions on the ground that they were improper and highly prejudicial to the defendant; that defendant was not on trial for bigamy, etc. We do not find any of the questions answered by the defendant. We find this qualification to the bill of exceptions: "As each question was asked counsel for the defendant objected, and thereupon the court sustained the objection, and when counsel finally requested that the district attorney be not permitted to ask such questions, the court granted the request by remarking that the district attorney would not ask such questions again; and he did not. Counsel did not request that the jury be instructed not to consider the questions." Counsel having accepted the bill as qualified by the judge, we are of opinion that the qualification as made by the judge must be accepted by this court. It shows that the objections to the questions were sustained by the court and the district attorney was admonished not to pursue that line of questions. We are aware of the fact that counsel in their zeal frequently ask questions that are illegal and improper and in this case these questions would not have been proper and were not proper. The court held that they were improper questions to be answered and sustained the defendant's objection, and admonished the district attorney to

desist. We can not lay down a rule that cases should be reversed because improper questions were asked, except in extreme cases where counsel persist in asking illegal and prejudicial questions after the court has ruled against him, but a bill of exceptions must go further and show that there were answers to these questions and that these answers were highly injurious to appellant's case. We are, therefore, of opinion that the bill is without merit.

In the trial of the case the testimony showed that the defendant struck the deceased a heavy blow with the butt-end of a cant-hook —one blow, which killed him instantly. The defendant on the witness stand testified that deceased was coming at him with a spade and struck him on the arm before he struck deceased with the cant-hook. He further testified that his arm was swollen from said lick. In the motion for new trial defendant requested a new trial for the want of the testimony of Dr. McWhorter, by whom he claims he expected to prove that he treated the defendant in the jail some months after the infliction of the injury; that he found his arm swollen, and that when he asked the defendant what caused it defendant told him that that was where he was struck with a spade; that he said, "No, this swelling is caused by rheumatism, and you are simply trying to fix up a defense." Defendant says he did not have McWhorter summoned at the trial because he did not think he would do him any good; that since the trial of the case he has learned that Dr. McWhorter has changed his opinion with regard to this matter and will now swear that the swelling in defendant's arm was not caused by rheumatism, but was caused by the lick with the spade, and that he asks for a new trial in order to get the benefit of his testimony. The affidavit of McWhorter, to which defendant attaches much importance, states that he did tell defendant at the time that the swelling was caused by rheumatism, and that when defendant told him how he got the blow he replied that he thought he was trying to manufacture a defense, but he now does not believe that the swelling was caused by rheumatism, and while it may be possible that the swelling was caused by the lick with the spade, it is hardly probable. Independent of the affidavit of the doctor with regard to this matter, the defendant knew that he had called Dr. McWhorter to the jail or that Dr. McWhorter was at the jail; he knew that his arm was swollen; he knew that the doctor saw it, and simply because the doctor told him then that it was caused by rheumatism, does not present a sufficient excuse for not using proper diligence to ascertain whether the doctor had changed his mind since then as to the opinion as to what caused this swelling. Defendant knew the doctor had seen his arm when it was swollen; he knew he had a conversation with him and he should have had Dr. McWhorter present at the trial. We think that the ground of newly discovered evidence shows, on its face, that the defendant knew part of it was in existence, and simply because he was of the opinion that Dr.

McWhorter would not be favorable to him would not be sufficient excuse for him not having him summoned to court and ascertain the true facts with regard to the matter, besides, the doctor's evidence as disclosed by the affidavit could not benefit defendant. We are, therefore, of opinion that this ground for new trial is without warrant. The judgment is amply supported by the evidence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*