### G. A. Landry v. The State.

No. 7860.   Decided December 12, 1923.

Rehearing denied January 16, 1924.

1.—Misdemeanor Theft—Bill of Exceptions—Statement of Facts.

In the absence of a statement of facts, bills of exception with reference to the Court permitting a Deputy Sheriff, etc., to remain in the court-room, and introduction of testimony with reference to some gloves cannot be considered on appeal.

2.—Same—Announcement of Ready for Trial—Withdrawal—Surprise.

One who seeks to claim surprise by reason of some unexpected happening during the trial of the case which he could not have foreseen by the use of reasonable diligence, and from which it appears he is likely to suffer serious injury to his rights, must avail himself promptly of any right to then seek a postponement of the case or a withdrawal of his announcement, and the defendant waiting too long to make an effort to withdraw his announcement there is no reversible error.

3.—Same—Evidence—Bill of Exceptions—Statement of Facts.

In the absence of the statement of facts this Court cannot appraise the weight of the excluded testimony concerning the finding of certain gloves and there is no reversible error.

4.—Same—Requested Charges.

Where upon trial of misdemeanor theft the requested charges were not applicable to the facts or permissible under the law there is no error in overruling them.

5.—Same—Rehearing—Statement of Facts—Sufficiency of the Evidence.

Where the clerk of the Court below failed to incorporate in the record filed in this Court, any statement of facts but same has now been filed here and shows on its face to have been approved and filed in time in the Court below the same is now considered and the evidence being sufficient to sustain the conviction, there is no reversible error.

6.—Same—Evidence—Res Gestae—Surprise.

Where it appeared that proof of the loss and finding of certain gloves was properly a part of the development of the res gestae in the instant case, there is no reversible error, and under the facts of the instant case the

defendant could not evade the consequences of his own neglect by the claim of surprise.

**7.—Same—Newly Discovered Evidence—Want of Diligence.**

Where it is plain from the record on appeal that the alleged testimony as newly discovered was known to defendant at and prior to the time of the trial, or could have been known by the exercise of reasonable diligence, there is no reversible error.

Appeal from the County Court of Liberty. Tried below before the Honorable C. R. Wilson.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $200 and thirty days confinement in the county jail.

The opinion states the case.

*Howth & O'Fiel*, for appellant.—On question of announcement of ready: Bryant v. State, 33 S. W. Rep., 978; Graves v. State, 144 id., 961; McGowan v. State, 164 id., 999; Raleigh v. State, 168 id., 1050; Rankin v. State, 122 id., 95.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Liberty County of theft of property under the value of fifty dollars, and his punishment fixed at a fine of $200 and thirty days in jail.

The record is before us without any statement of facts. There are four bills of exception in the record. The first complains that the court permitted a deputy sheriff to remain in the courtroom and also permitted the prosecuting witness after he had given his testimony in chief to remain in the courtroom while other witnesses were testifying and then over objection said witness was permitted again to take the witness stand. This bill is qualified by a statement appending thereto by the learned trial judge to the effect that the matters asked the prosecuting witness when called to the stand the second time were entirely new matters and did not pertain to any testimony given theretofore. The pertinence of the matters complained of by bill of exceptions No. 2 does not appear and can not be appraised by us in the absence of a statement of facts. We can not know that the matters pertaining to a pair of gloves were not relevant to the issues made by the testimony of the witnesses, in the absence of such statement of facts. The same is true of the matters in the third bill of exceptions. This bill complains of the refusal of the trial court to permit appellant to withdraw his an-

nouncement of ready. From the bill of exceptions we learn that the State introduced certain testimony relative to a pair of gloves found in appellant's truck. The bill presents no error. Same is accepted with a qualification appended thereto by the trial judge from which we learn that no effort was made to withdraw the announcement of ready until the State and the defendant had both closed their entire evidence. If there had been any merit in the proposed withdrawal of announcement, it could not avail when the accused continued the introduction of evidence pro and con until the entire case was finished. One who seeks to claim surprise by reason of some unexpected happening during the trial of the case which he could not have foreseen by the use of reasonable diligence, and from which it appears he is likely to suffer serious injury to his rights, must avail himself promptly of any right to then seek a postponement of the case or a withdrawal of his announcement. In the case before us not only do we think appellant waited too long to make an effort to withdraw his announcement of ready for trial, but also that the matter upon which he sought to base such withdrawal would not have supported the proposition in the first place. As part of the development of its case against appellant the State proved that a pair of gloves found in appellant's truck was a pair of gloves belonging to the owner of the alleged stolen chickens and which had been left by him where the chickens were on the night of said theft. Appellant's contention was that he had bought the gloves and, if we understand the matter correctly, he wished a postponement of the case until he could ascertain the name of the party from whom he bought them and produce him as a witness. The State does not plead its evidence in the indictment. If the rule should be laid down that one charged with crime might wait to prepare to meet the State's case until he heard the witnesses testify and then claim that he had not expected to be called upon to meet such testimony, and that he should be given the right to postpone or continue the case until some future day,—the State might have great difficulty in bringing those charged with crime to trial.

The remaining bill of exceptions relates to testimony concerning the gloves above mentioned. In the absence of the statement of facts we can not appraise the weight of appellant's contention. For aught we know the other testimony in the case fully elucidated and showed the pertinence of the testimony relative to the pair of gloves.

Appellant presented four special charges. The one requesting a peremptory instruction of acquittal, was properly refused. Two of the others were given. The fourth sought an instruction that the jury disregard certain argument. This special charge is not approved by the trial court, nor is it made the subject of a bill of exceptions.

We have carefully considered each contention of appellant and being unable to agree with any of same, the judgment will be affirmed.

*Affirmed.*

## ON REHEARING.

### January 16, 1924.

LATTIMORE, JUDGE.—The clerk of the court below failed to incorporate in the record filed in this court, any statement of facts, but same has now been filed here and shows on its face to have been approved and filed in time in the court below, and it has been considered. From same it appears that in appellant's car when he was arrested on the night of the alleged theft of the chickens, was found a pair of gloves. In developing its case in chief the State made no mention of gloves but proved only the loss of said chickens, discovery of their loss, the pursuit of a car by the owner of the chickens in company with an officer, the arrest of appellant in a car that same night and the finding in said car the stolen chickens. Appellant took the stand and swore that the chickens were bought by him at or near Huston from a man whom he did not know. In its rebuttal the State showed by witnesses that they found in appellant's car when he was arrested a pair of gloves which were identified by Dr. Tadlock, the owner of the chickens, and by officer Patton as the gloves of Dr. Tadlock which he said were on a work bench in his garage near the chicken house when he last saw them before his chickens were taken. It thus appears that proof of the loss and finding of the gloves was properly a part of the development of the res gestae of the instant case. The State did not seek to prosecute or punish for the theft of the gloves, but this in nowise affected its right to prove same as part of the transaction. Manifestly no error was committed in allowing proof of the loss of the gloves at the time the chickens were taken, and of the further fact that same were found in appellant's possession coincident with finding him in possession of said chickens.

We are not led to change our views on appellant's claim of surprise at the testimony relative to the gloves. Evans v. State, 13 Texas Crim. App., 225, lays down the rule that one can not evade the consequences of his own neglect by the claim of surprise. The gloves were found in possession of appellant when arrested for this theft. They were then indentified as the property of Dr. Tadlock. Reasonable diligence would expect evidence relating to the gloves as part of this case. The fact that appellant did not notify his· attorney of the facts pertaining to the gloves, or did not expect

96 T. C.—23

any such evidence against him because the gloves were not named in the indictment, would not seem any sufficient reason or excuse for failure to prepare to meet this part of the State's case.

Nor can appellant claim that the evidence presented in the shape of an affidavit attached to the motion for new trial, was in fact newly discovered, as it is plain that same was known to him at and prior to the time of such trial, or could have been known by the exercise of reasonable diligence.

Appellant's motion for rehearing will be overruled.

*Overruled.*