# NOVEMBER 28, 1934

## H. C. ALLISON V. THE STATE.

No. 16756.   Delivered October 3, 1934.
Rehearing Denied November 28, 1934.
Reported in 76 S. W. (2d) 527.

The opinion states the case.

*Clarence E. Farmer*, of Fort Worth, for appellant.

*Jesse E. Martin*, Crim. Dist. Atty., *Cecil C. Rotsch* and *Homer B. Green*, Asst. Crim. Dist. Attys., all of Fort Worth, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the medical practice act; punishment, a fine of fifty dollars and thirty minutes confinement in the county jail.

We see nothing in the provisions of chapter 28, Acts Regular Session, 37th Legislature, creating the county court at law number one for Tarrant County, violative of any provision of our Constitution. The law creating said court is and was not a local or special law, such as is forbidden by the terms of section 56, art. 3, of our Constitution. While it is true of this, as of all courts, that the law creating same necessarily fixes territorial limits to its jurisdiction,—the fact that such territorial limit is one or a number of counties, in no way operates to deprive such law of its character as a general law. See Allen v. State, 54 S. W. (2d) 810; Whitehead v. Granbury Independent School District, 45 S. W. (2d) 421. Nor was their error in the court's refusal to hear testimony of three witnesses ten-

dered by appellant in support of his plea that the law creating said court was a local or special law. We fail to see anything in our opinion in Juarez v. State, 277 S. W., 1091, which has any application to the state of facts appearing in this case. Unless on its face such plea presents a provable proposition, it would manifestly not be error to refuse to hear testimony in support thereof. The plea in the Juarez case, supra, was that the accused was intentionally discriminated against in the formation of the jury commission, and subsequently in the formation of a grand jury,—a plea which to be good had to be sustained by proof. Mainfestly a plea that a law passed by the Legislature is or was a local law does not present a similar question.

We have examined with interest appellant's lengthy plea which he denominates his special plea of fundamental constitutional ground in bar of this prosecution. Same seems to us to raise and present only matters and things proper for the consideration of the Legislature in order that they may determine whether or not the laws which they have enacted or should enact be just and wise and to properly limit and define the scope of the necessary qualifications of one who seeks to practice medicine; also those things which must be made to appear before one applying for license to so practice brings himself within the prescription of the practice act. This court has nothing to do with the wisdom or propriety of acts of the Legislature in cases where parties convicted for penal violations appeal to this court for review.

The constitutionality of the statute under which appellant was convicted has often been affirmed, and the effort of appellant in varying and diverse verbiage to raise said issue, presents no new question. Nothing in said plea made necessary or proper that same should be heard by a jury.

Appellant's bill of exceptions No. 11 sets out at length proposed testimony of Dr. Reeves as to his reasons for his refusal as a member of the State Board of Medical Examiners in 1929 to allow appellant to take an examination before said Board for license to practice medicine; also as to his understanding of the rules and reasons then controlling said Board in its action,—same being offered in support of appellant's plea of fundamental constitutional rights. We see no proper place for such testimony in a case like this, and think the objection to same properly sustained.

Appellant objected to the testimony of Mrs. Estill as to medical treatment of her by him upon other days and dates than

the particular day mentioned in the information. We see no impropriety in permitting the State to prove medical treatment of her upon other days and dates at or about the time alleged, the purpose of the prosecution being to show that he practiced medicine without license.

While article 642, C. C. P. gives to each side in a criminal case the right to state to the jury in the beginning the nature of the accusation or defense, and the facts relied on in support thereof,—this does not entitle appellant's counsel to state facts which he intends to offer in support of a written plea setting up a matter of law relied upon as a defense. There would appear nothing in the proposition of his intent to present such plea which would justify the statement of the evidence that he intended to offer in support of it. Such evidence would not appear to be admissible.

A bill of exceptions complaining that the court refused a request for a peremptory instruction to acquit, unless accompanied by some agreed statement of facts or approved statement of the facts already before the jury as being true, and all the facts then before the jury,—would appear to avail appellant nothing. The rejected testimony of appellant himself, offered in support of his plea of fundamental constitutional rights, that he regarded Chiropractic schools as reputable, and that since he was a graduate of same he was discriminated against by the State Medical Board in refusing to permit him to take the examination,—seems to us to support no legitimate defense to the charge herein, and to have been properly rejected.

The testimony of Mrs. Estill, Sr., that she went with her daughter to appellant's office; also what was there said and done,—the fee paid, etc., was all admissible and material to the issue appearing in the complaint against appellant, viz: that he practiced medicine without a license.

Appellant's other bills of exception have been examined and appear to us to present no error. The charge given by the court was not subject to the exceptions taken. The evidence found in the record seems to support the judgment.

No error appearing, the judgment will be affirmed.

*Affirmed.*

#### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges the point that in prescribing higher qualifications for applicants under the Medical Practice Act than are required in the enactments relating to optometrists, chiropodists, etc., the Legislature violated section

31 of art. 16 of the Constitution, which reads as follows: "The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for mal-practice, but no preference shall ever be given by law to any schools of medicine."

In support of his contention appellant cites Dowdell v. McBride, 47 S. W., 524, in which the Supreme Court held that the constitutional provision above quoted prohibits the Legislature from inserting in laws prescribing the qualifications of practitioners of medicine any provision making a distinction in qualifications or punishment on account of the "school of medicine" to which any of such "practitioners of medicine" or "persons" may happen to belong. Specifically, it is appellant's position that under the construction mentioned the Legislature was without power to place optometrists, dentists and chiropodists in classes separate and apart from practitioners of medicine as defined in the Medical Practice Act and at the same time require chiropractors to meet the more exacting requirements of the Medical Practice Act. Answering appellant's contention, we quote from Baker v. State, 240 S. W., 924, as follows: "The power of the Legislature to put the optometrists in a separate class, as it has done dentists and nurses, is without question. The expediency of doing so is a matter of policy with which the courts are not concerned."

In the same case, on the State's motion for rehearing, Judge Lattimore, writing for the court, said: "We are unable to agree with the State's contention. As we understand the optometry bill passed by the recent called session of the Thirty-Seventh Legislature, no preference is therein given to any school of medicine, but this question is not now before us. While the Constitution forbids any legislation showing preference for any school of medicine, it does not forbid legislative definition of what does and also of what does not constitute the practice of medicine. The Medical Practice Act of this State has been upheld by this court and the Supreme Court of the United States as being constitutional and as not discriminating among or showing preference for any school of medicine. We think the Legislature has power to prescribe the duties of nurses, of opticans, and of optometrists, and also to define those things which shall constitute the practice of medicine in this State. Having such power, we also think the Legislature may make as a part of its definition of the practice of optometry, or the duties of opticians, a distinction between the powers and duties of same, and those which are to be considered as

the practice of medicine; and this is as far as the Legislature has gone in said optometry bill in our judgment."

See also Robertus v. State, 45 S. W. (2d) 595. In view of the decision from which we have quoted, we are unable to agree with appellant that the point he urges has never been passed on by this court. For a collation of authorities sustaining the constitutionality of the Medical Practice Act see Robertus v. State, supra.

The further contention is made that the act is being administered in a manner resulting in discrimination again members of the school of chiropractic. Appellant offered to prove that he presented his diploma from a reputable school of chiropractic to the Board of Examiners and was not permitted to take the examination. He urges that the agencies administering the law will not permit a graduate of the school of chiropractic to take the examination, but require that all applicants shall be graduates of schools of allopathy. In Stone v. State, 86 S. W., 1029, this court held that the question as to whether the Board of Examiners arbitrarily refuses to permit the applicant to take the examination is a matter for the civil courts, and that in the absence of a license it is a violation of the statute to practice medicine, however much the applicant may have been wronged by the refusal to permit him to take the examination.

Our examination of the record in the light of appellant's motion for rehearing leads us to the conclusion that the original disposition of the appeal was correct.

The motion for rehearing is overruled.

*Overruled.*