BILL ROBERTSON V. THE STATE.

No. 17204. Delivered January 30, 1935.
Reported in 78 S. W. (2d) 964.

The opinion states the case.

*Sone & Cornelius,* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted

The record is before us without any statement of facts. Hence we cannot determine the insufficiency of the evidence to support the judgment of conviction.

By bill of exception No. 1 the appellant complains of the action of the trial court in not permitting the appellant to ask the prosecuting witness, for the purpose of impeaching him, if it was not a fact that he had been on drunken parties with certain lewd women, but the bill of exception fails to show what answer the witness would have made to the question. Hence the bill fails to reflect any error. However, the appellant could not resort to isolated acts, as he attempted to do in this case, to prove that the prosecuting witness' general reputation for truth and veraciy was bad.

By bill of excepion No. 2 the appellant complains of the action of the trial court in not permitting appellant to prove by two witnesses that the prosecuting witness's repuation for virtue and sobriety was bad. We do not see how this testimony would shed any light on the question as to whether the appellant was guilty of the offense charged nor how it tended to establish any defense. If it was intended to prove that the prosecuting witness' general reputation for truth and veracity was bad, appellant should have resorted to the rules prescribed by law.

By bill of exception No. 3 the appellant complains of the action of the trial court in permitting Pauline Smith to be called as a witness by the State and in permitting her to testify in behalf of the State after the State and appellant both had rested, on the ground that her testimony was direct and not in rebuttal of any testimony adduced by the appellant. The bill of exception does not show what she testified to; therefore, the bill is insufficient; besides, the State was not restricted to rebuttal testimony inasmuch as the common law rule does not apply in this State in criminal cases. See Hardy v. State, 89 Texas Crim. Rep., 469; Stone v. State, 91 Texas Crim. Rep., 313, 239 S. W., 209. Thereafter the appellant moved to strike her testimony from the record because the rule had been invoked and all the witnesses had been placed under the rule except the witness Pauline Smith, but the bill of exception fails to show that said Pauline Smith was in the court room during the time that the testimony was adduced or that she talked to any of the witnesses after the rule was invoked. Therefore the bill fails to show any error. Besides, it was within the sound discretion of the court whether or not to permit her to testify. In support

of the views herein expressed we refer to the case of King v. State, 34 Texas Crim. Rep., 228, 29 S. W., 1086; Turner v. State, 32 S. W., 700; Allen v. State, 62 Texas Crim Rep., 501, 137 S. W., 1133; Welch v. State, 66 Texas Crim. Rep., 525.

By bill of. exception No. 4 the appellant complains of the court's charge defining who are principals on the ground that the testimony wholly fails to raise any issue which would call for such a charge in this case. Inasmuch as there is no statement of facts in the record we are unable to appraise the bill.

By bill of exception No. 5 appellant complains of the court's charge on alibi on the ground that the court places the burden of proof of reasonable doubt upon the defendant. We do not deem the court's charge subject to the criticism addressed to it.

By bill of exception No. 6 the appellant complains of the action of the trial court in overruling appellant's general demurrer to the State's controverting affidavit to the appellant's motion for change of venue. We have carefully inspected the State's controverting affidavit and deem it sufficient as against a general demurrer.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.