fendant's motion for a new trial. Therefore, it is manifest that the county attorney did not make any request for a dismissal of the case but protested against such action without avail. Hence, we merely cited the statute in the Malley Case, supra, without reference as to whether the statute could be complied with substantially by an oral statement or motion on the part of the prosecuting attorney.

Having reached the conclusion that the statute was substantially complied with, that the dismissal was a dismissal of the case, and relator is entitled to be released, we therefore reverse the judgment and order of the trial court and order that relator be discharged.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for murder; punishment assessed being ten years in the penitentiary.

■ The indictment is in proper form. No statement of facts is found in the record. Appellant requested certain special charges and presented certain objections to the court's charge. In the absence of a statement of facts, we are in no position to appraise the pertinency of the requested charges which were refused or the objections to the charge given.

■ We observe that in pronouncing sentence against appellant the court omitted to give him the benefit of the Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775). The sentence will be reformed to direct that appellant be confined in the penitentiary for not less than two, nor more than ten, years.

As thus reformed, the judgment is affirmed.

