### ROBERT CAMP V. THE STATE.

No. 18235. Delivered April 29, 1936.

The opinion states the case.

*Frank Lane,* of Brackettville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of ninety-nine years.

The record shows that on the morning of the 12th day of August, 1935, appellant and his wife, Julia Camp, were found in bed at their home with bullet wounds at and near their temples, and a thirty-eight caliber pistol with two empty chambers lying on the bed between them. Appellent's wife was dead, but he was still alive and was taken to a hospital for treatment where he recovered. A few days after the commission of the alleged offense, appellant made a written confession to the county attorney, in which he admitted that he shot his wife and then shot himself. When the State offered said purported confession as evidence, appellant objected to its introduction upon the following grounds: First, that it was not signed by him, that there were not two subscribing witnesses to the same; second, that at the time it was made appellant was not in a mental condition to make any sort of a statement. All of this is shown by appellant's bill of exception number one. The purported confession was signed by the appellant, and, therefore, under Article 727, C. C. P., it was not necessary to have any subscribing witnesses. It is only necessary when the maker is unable to write his name or signs by mark. The court, in the absence of the jury, heard testimony offered by appellant relating to his mental condition at the time of making said purported confession, which the State controverted. Thereupon the court admitted said purported confession in evidence and in his charge instructed the jury relative thereto as follows: "You are therefore instructed that

unless you find and believe from the evidence, beyond a reasonable doubt, that said document was signed by the defendant, and unless you further find and believe from the evidence beyond a reasonable doubt that before said written statement was made the defendant was warned by W. J. Muller, first, that he did not have to make any statement at all; and second, that any statement made by him might be used in evidence against him on the trial for the offense concerning which the confession is therein made; or if you have a reasonable doubt from all the facts and circumstances in the case either that the defendant signed said statement, or that the warning above referred to was given by the said W. J. Muller to the defendant, then you will not consider said statement for any purpose whatever and wholly disregard the same. In connection with the foregoing you are further instructed that if the preponderance of the evidence in this case on the issue of insanity established in your mind the conclusion that at the time of the making of said statement appearing in the evidence as State's exhibit number four, if the defendant, was not then and there possessed of mentality sufficient to understand fully the nature and consequences of his act, then you cannot consider said statement for any purpose whatever, and you will wholly disregard the same." It is obvious from the foregoing instruction that the court submitted the issue to the jury in accordance with the practice approved by this court in the case of Blocker v. State, 61 Texas Crim. Rep., 413.

Bill of exception number two relating to objections made to the court's charge is without merit.

By bill of exception number three appellant complains of the action of the trial court in overruling his motion for a new trial based upon newly discovered testimony material to the defendant's defense. Attached to the motion is an affidavit of Doris Brodzinsky whose testimony is claimed to be newly discovered and material. The affidavit shows that on the day of the alleged homicide she lived in the second house from that of the appellant and his wife, the distance being about twenty-five yards; that at about six o'clock a. m. of August 12th she was awakened by some sort of sound and heard two men quarreling and cursing, the voice of one, in her judgment was that of appellant, but the other she was unable to recognize; that immediately thereafter she heard a report of some character of a firearm; that these facts she had not related to anyone until the 27th day of September, which was after the trial, when she related them to the attorney for the appellant. The appel-

lant did not plead self-defense or offer any other affirmative defense. Therefore the newly discovered evidence could not benefit the defendant on another trial and unless it tended to do so it would not be grounds for a new trial. See Lewis v. State, 15 Texas App., 647 (664); Wilson v. State, 37 Texas Crim. Rep., 156, 38 S. W., 1013; Huggins v. State, 60 Texas Crim. Rep., 214; Fifer v. State, 64 Texas Crim. Rep., 203, 141 S. W., 989. See also Prewett v. State, 41 Texas Crim. Rep., 262. This court has consistently held that unless it appeared from the light of the entire record that the evidence claimed to be newly discovered would likely produce a different verdict, a new trial should not be granted. We note, however, that appellant failed to show any diligence to discover this evidence. If there really was a quarrel and cursing between appellant and another man before the shooting, and he made no inquiry of his neighbor who lived within twenty-five yards of his home as to whether or not they heard or saw anything, it shows want of diligence.

The appellant's next and last complaint is that the court erred in overruling his motion for a new trial based on the ground that the jury discussed the appellant's failure to testify. In support of his motion appellant offered one of the jurors, who sat in the trial of the case. He testified that appellant's failure to testify was mentioned and one of the jurors remarked, "That is not before us." On cross-examination the juror testified that he did not recall whether mention was made thereof after the verdict was agreed upon and before it was brought into court. He further testified, "there was a paragraph in the court's charge wherein it stated that the fact that the defendant had not taken the stand should not be discussed by us. The charge was read by various members of the jury and we came to that paragraph. It was just a mere mention by somebody and some other juror said to the jurors that we must go by just exactly what the court says. It was merely a mention and corrected and stopped. I am positive that there wasn't any discussion of it because it didn't make any impression on my mind." This court has many times held that a bare allusion in the jury room to the defendant's failure to testify, when immediately suppressed, will not of itself cause the judgment of conviction to be set aside. See Mason v. State, 81 S. W., 718; Leslie v. State, 49 S. W., 73; Jenkins v. State, 49 Texas Crim. Rep., 457; Watson v. State, 82 Texas Crim. Rep., 305, 199 S. W., 1113.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.