**VOGEL v. STATE.**

No. 20746.

Court of Criminal Appeals of Texas.

Jan. 24, 1940.

Rehearing Denied March 27, 1940.

**1044**

E. B. Simmons, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The conviction is for a violation of the Medical Practice Act, Vernon's Ann.P.C. art. 741 et seq.; the punishment, a fine of $100 and confinement in jail for 10 days.

The evidence is sufficient to support the conviction.

It is appellant's contention that the law is unconstitutional, his position being that the exemption from its provisions of those applying the "principles, tenets, or teachings of any church in ministering to the sick or suffering by prayer, without the use of any drug or material remedy," renders the statute discriminatory. We think the holding of this court in Hoy v. State, 134 Tex.Cr.R. 226, 115 S.W.2d 629, and Allison v. State, 127 Tex.Cr.R. 322, 76 S.W.2d 527, is applicable to the present statute. In those cases we upheld the constitutionality of the Medical Practice Act. Under the circumstances, we are constrained to overrule appellant's contention.

It is shown in bill of exception No. 4 that in argument to the jury the district attorney stated that appellant should have known that he was required to have a license to practice medicine, as many members of the Naturopathic Association of Texas, described in the evidence, had registered certificates which had been eliminated from the records in a court proceeding brought by the Attorney General. It is also shown in the bill of exception that at the time these remarks were made by the counsel for the state that he held in his hand a medical register, many sheets of which had not been offered in evidence. Appellant contends that the argument had no support in the evidence, and that his objection to same should have been sustained. It is observed that the state introduced in evidence, without objection on the part of appellant, a petition against the district clerk of Bexar County praying that he be ordered to strike from the records of his office, and from the medical register thereof, many registrations which were not authorized by the Medical Practice Act, and that after a hearing the court required the clerk to cancel such registrations. The registration of appellant was among those eliminated from the medical register. We think that in view of the testimony the argument of counsel for the state was warranted.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

BEAUCHAMP, Judge.

The appellant denominates himself a naturopathic practitioner and says he has been for over thirty years. He is charged with having treated J. R. Elam, on or about the 30th day of September, 1938, for pay. It is admitted that appellant does not claim to be a physician or surgeon; nor does he possess a diploma from a medical college. He received his education at the Dr. Ludwig Heil Institute, Berlin, Germany, from which he holds a diploma. He is also a graduate of the American School of Naturopathy of New York City. He had filed for record in Bexar County what purported to be a certificate granted by the Naturopathic Association of Texas, a corporation. By order of the court, the registration of this certificate was canceled on

July 12, 1937. There is no appeal to this court from that order and none would lie. He possesses no license to practice medicine from the Texas State Board of Medical Examiners. The facts alleged were proved without controversy. The questions in his appeal were properly disposed of in the original opinion.

It is his contention that any school of medicine should be exempt under the Act of the 46th Legislature, 1939, being House Bill No. 148, Paragraph 9, Vernon's Ann.P.C. art. 740. We do not think that this act is subject to the construction for which he contends. To do so would nullify all previous legislation on the subject and it is perfectly clear the Legislature had no such intention.

The appellant's motion for rehearing has taken the form of an attack on the constitutionality of House Bill No. 148, supra. It is contended that it is in contravention of Section 31, Article 16 of the Constitution of Texas, Vernon's Ann.St. Const.

We do not consider that this appeal may bring into question the constitutionality of that act, for if it is unconstitutional, still appellant has violated the law. If it be a valid enactment, it does not include the appellant. He is not in a position in this appeal to raise the question, and no opinion is herein expressed as to its constitutionality.

The motion for rehearing is overruled.