## HENRY v. STATE.

### No. 21477.

Court of Criminal Appeals of Texas.

March 5, 1941.

Rehearing Denied April 2, 1941.

Application for Leave to File Second Motion for Rehearing Denied April 9, 1941.

John Davenport and W. W. Ballard, both of Wichita Falls, for appellant.

Millard Threet and James W. Harvey, Co. Atty., both of Archer City, McDonald & Anderson, of Wichita Falls, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

This is a companion case to Johnnie Ralph v. State, 148 S.W.2d 401, and J. C. Willis v. State, 148 S.W.2d 397. The appellant being convicted under Chapter Two of the Penal Code defining and punishing riots, and under Art. 467, P.C., the object of such riot having been alleged not to have been accomplished, the punishment accorded appellant was imprisonment in the county jail for four months.

Appellant raises the/question of a demanded severance herein and its refusal by the trial court as the basis of his first bill of exceptions.

It is noted that from the bill presented to us, and the testimony taken at the time of the hearing of this motion, that there was filed such a motion in a companion case of Jackson v. State, he being charged with the commission of the same offense as was this appellant, together with many others. In the hearing of that motion for a severance it was agreed on the order of trial of J. L. Reese, T. J. Cossey, E. H. Pierce, Lloyd Henry and Sam Smith in the order named. Upon the calling of the companion case of J. L. Reese, upon motion of the State, the court dismissed said cause from the docket. It was then shown that T. J. Cossey was not charged in any court with this offense of rioting, thus disposing of his preference. E. H. Pierce's case was next called by the court, and he agreed to go to trial; whereupon the State's attorney moved to dismiss the case against E. H. Pierce. Appellant's case was next called, and he was asked if he was now ready, with these other men out of the way, and he answered that he was. The State announced ready in this instant case, and so did the appellant, and this cause proceeded to trial.

We might gather from the record that, as an afterthought from the above outlined proceedings, the appellant filed a severance motion in his case, not in consonance with the one agreed to by him in the Jackson matter. If such be true, then we find a statement herein that these two defendants

being unable to agree upon their precedence in the matter of a trial, the court ordered appellant to trial first, and overruled the motion of appellant for a severance. See Art. 652, C.C.P. It is also to be noted that no order of trial is mentioned in the motion filed by appellant, which gives a further effect of Art. 652, C.C.P. We also find that the State's attorneys were within their statutory rights when they dismissed the cases as to the other defendants named in the order of preference. See Art. 653, C.C.P.

Bill of exceptions No. 8 relates to the trial court overruling the appellant's motion for a new trial, and embodied therein seems to be the entire testimony taken upon the hearing of such motion, based upon alleged misconduct of the jury. From such testimony it can be gathered that, upon the jury retiring to their room to deliberate, a juror said that he wondered why the defendant did not take the witness stand; that another juror said he also wondered why; that at such time a third juror said that they could not consider that; the jury had been instructed not to consider that; and that no further reference was made thereto, and said jurors stated that they did not further discuss nor consider such fact.

Not every casual reference to a defendant's failure to testify constitutes reversible error, and the cases so holding are numerous. Mullins v. State, 124 Tex.Cr. R. 368, 61 S.W.2d 829; Sowell v. State, 126 Tex.Cr.R. 138, 70 S.W.2d 422; Camp v. State, 130 Tex.Cr.R. 280, 93 S.W.2d 1142; Day v. State, 120 Tex.Cr.R. 17, 48 S.W.2d 266; Jenkins v. State, 49 Tex.Cr.R. 457, 93 S.W. 726, 122 Am.St.Rep. 809; Combs v. State, 102 Tex.Cr.R. 633, 277 S.W. 1087; Carter v. State, 102 Tex.Cr.R. 517, 278 S. W. 840, and many other cases.

There are many bills of exceptions relative to the refusal of certain special charges, as well as many objections and exceptions to the court's charge. In each instance it is necessary that we be properly informed as to the facts in the case in order to be able to fully understand the matters set forth in such exceptions. We can not consider the statement of facts because same does not appear to have been signed and approved by the county judge, nor does the same appear to be agreed to by appellant's attorneys. No signature nor approval appears thereon of such judge. See Art. 760, § 2, C.C.P. Vernon's Ann.C.C.P. art. 760, subd. 2. Hence the instrument presented will not be considered by us, and we are therefore left with no statement of facts, and can not review the bills of exceptions relative to the court's charge. See Thompson v. State, Tex.Cr.App., 79 S.W.2d 867; Pinkston v. State, Tex.Cr.App., 81 S.W.2d 530; Robertson v. State, 127 Tex.Cr.R. 648, 78 S.W.2d 964; Allison v. State, 127 Tex.Cr.R. 322, 76 S.W.2d 527; Id., 296 U.S. 717, 55 S.Ct. 828, 79 L.Ed. 1672.

Bill No. 9 relates to the introduction of certain photographs of a certain car, and one of a person named Lawson who appeared to be injured in the objected to photograph. These photographs were testified to by the taker thereof as a correct representation of the things and person as such existed soon after the occurrence charged herein as being unlawful, and were also connected up with the riot that had happened a short time prior to the taking of such pictures.

Mr. Branch in his Penal Code says, page 1032, § 1857: "If a photograph would serve to illustrate any fact in the case or to shed light upon the transaction, it is admissible in evidence, but it is not admissible if it is neither necessary or instructive and when it would only tend to inflame the minds of the jury or tend to create confusion," citing numerous authorities.

There are numerous citations also found under Art. 703, note 127, Vernon's Annotated C.C.P., Vol. 2. We find no error in such bill as presented to us.

We are also of the opinion that this record as presented to us evidences no error, and the judgment is accordingly affirmed.

On Motion for Rehearing.

KRUEGER, Judge.

In his motion for rehearing appellant vigorously asserts that we erred in two respects in our original opinion delivered in this case: First, in holding that there were two motions for a severance by the defendants who failed to agree as to who should be first tried and therefore the court was authorized to direct, as he did, the order of the trial; and second, because we overruled his contention that the trial court committed error in declining to give his requested instruction to require the jury to first find whether appellant had participated in an unlawful assembly and then determine whether he was guilty of engaging in a riot.

We will discuss each of the contentions in the order presented. However, before beginning the discussion of the questions, we deem it proper to state that since the original opinion was delivered by this court appellant has caused to be filed a supplemental transcript in which all the proceedings and discussions had in the trial court, together with all agreements between the State and the appellant, are fully set forth. It appears from the supplemental transcript that when Cause No. 2415, styled State of Texas v. Jim Jackson, was called for trial, he (Jackson) made a verbal motion for a severance with the request that same be reduced to writing by the court reporter and then verified by Jackson and filed as of that time of the proceeding, to which the State and the court agreed. In the motion for a severance, which was subsequently reduced to writing but never verified by Jackson, he indicated the order in which he desired the trial of the following co-defendants to proceed, to-wit: (1st) J. L. Reese, (2nd) T. J. Cossey, (3rd) E. H. Pierce, (4th) Lloyd Henry, and (5th) Sam Smith. Thereupon, the State inquired of J. L. Reese if he was ready for trial, to which he replied that he was. The County Attorney then moved to dismiss the State's case against Reese, as well as Cossey and Pierce which motion was granted. Then the case against the appellant (Lloyd Henry) was called, and he was asked if he was ready for trial, to which he replied that he was, whereupon the State and the appellant both announced ready and proceeded with the trial. This being true, appellant has no just ground of complaint even though the order of trial as indicated by him or by any of the co-defendants was not followed. Insofar as the appellant was concerned, he had a right to waive the order of trial. The record fails to disclose that any motion to withdraw such an announcement was thereafter made. Under the circumstances, appellant's contention that he was denied the order of trial as indicated by him is without merit. See Landry v. State, 96 Tex.Cr.R. 350, 257 S. W. 561; Rueda v. State, 101 Tex.Cr.R. 651, 277 S.W. 116.

We will now discuss appellant's second contention as hereinabove indicated. It is our opinion that appellant was not entitled to the requested instruction to require the jury to make a separate finding as to whether appellant and others engaged in an unlawful assembly. The indictment in this case contains but one count in which it was charged that the appellant and others therein named unlawfully assembled to do an illegal act, specifying it, which constituted a riot as defined by Articles 455 and 464 of the Penal Code. An unlawful assembly is a separate and distinct offense from that of a riot and is fully defined by Article 439, P.C. The punishment prescribed for that offense is different from that prescribed for the offense of riot.

In the instant case, the evidence shows that appellant and his co-defendants, by a pre-arrangement, met on the highway on the afternoon of the commission of the alleged offense and laid in wait for their victims who, when returning from the place where they had been engaged in their daily occupation, were set upon by the appellant and his confederates and severely beaten with wrenches, pick-handles, etc., which acts on the part of the appellant and his co-defendants constituted a riot under the articles of the statute above referred to. Hence, it was the duty of the trial court in his charge to apply the law to the facts of the case and not to charge on an issue which is not supported by the evidence. Of course, an unlawful assembly is a necessary element of the offense of riot. Without an unlawful assembly there could be no riot within the meaning of the statute. The court is not required to instruct the jury to make a separate finding on each of the several elements constituting the offense. Under the court's instruction the jury, in order to convict, were required to find that all the elements of the offense were proven beyond a reasonable doubt.

Believing that the case was properly disposed of on the original submission, the appellant's motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Appellant's Application for Leave
to File Second Motion
for Rehearing.

CHRISTIAN, Judge.

After examining the appellant's application for leave to file second motion for rehearing, we remain of opinion that proper disposition has been made of the appeal.

Appellant's application for leave to file second motion for rehearing is denied.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.